IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JASON CHARLES MONK,** : | |
| : | |
| Plaintiff, : | |
| : | NO. 7:13-CV-00114-HL-TQL |
| VS. : | |
| : | |
| Officer FLOYD, et. al., : | |
| : | |
| Defendants. : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| _____ : | |

## ORDER & RECOMMENDATION

Plaintiff Jason Charles Monk, a prisoner currently confined in the Dodge Correctional Institution in Waupun, Wisconsin, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* is thus **GRANTED**, and the initial partial filing fee required by 28 U.S.C. §1915(b)(1) will be waived.[1] The filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has one strike for the purposes of 28 U.S.C. § 1915(g): <u>Monk v. Coleman</u>, 1:09-C-354 (E.D.Wis. June 19, 2009).

1

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). Having now done so, the undersigned finds that Plaintiff's claims against Officer Floyd are sufficient to proceed beyond the frivolity review stage. It is **RECOMMENDED** that Plaintiff's claims against Wendy Squires and Barbara Walwrath be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim.

### STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. The complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove his claim. Id. at 555-556.

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of an incident occurring at the Irwin County Detention Center in Ocilla, Georgia.  The Complaint alleges that Defendant Officer Floyd intentionally left Plaintiff and another inmate unattended and outside of their cells.  The other inmate allegedly attacked and violently assaulted Plaintiff.  Medical treatment was later provided and subsequent tests confirmed that Plaintiff suffered a fractured wrist and a mild head injury.  Plaintiff apparently complained to Assistant Warden Wendy Squires and Warden Barbara Walrath.  Plaintiff alleges that Warden Walwrath "institutes all policies" in the prison, is responsible for officer training, and refused to speak to him after the incident.  Warden Squires allegedly failed to investigate and refused Plaintiff's requests to call his attorney and the U.S. Marshals after the incident.  Plaintiff states that "Squires and Walrath have taken the liberty to push [his] beating under the table as if [he] were to blame" and that "[t]hey institute the policies and procedural customs of the jail and deal with incidents with their subordinates very lightly." (Compl. at p. 7-8).

These allegations, when read in a light most favorable to Plaintiff, are sufficient for his claims against Officer Floyd to proceed beyond the frivolity review stage.  It is thus **ORDERED** that service be made on Officer Floyd and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service. See Fed. R. Civ. P. 4(d).

To the extent that Plaintiff has attempted to hold Wendy Squires and Barbara Walwrath liable for Officer Floyd's actions, his allegations fail to state a cognizable Eighth Amendment claim under §1983.  A prisoner cannot state a §1983 claim based upon a theory of respondent superior or vicarious liability.  Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). "The

standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.2003) (quotation marks and alteration omitted). To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the supervisor either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." Gross v. White, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007)).

      Plaintiff has not made any such allegations here. Plaintiff's vague allegation that Squires and Walwrath "institute the policies and procedural customs of the jail" does not demonstrate that they actually instituted a custom or policy which resulted in a violation of Plaintiff's constitutional rights. See id. Nor does the Complaint include any facts from which the undersigned could make this inference. Plaintiff has thus failed to show that Squires and Walwrath instituted a policy or custom which would make them liable for Officer's Floyd's conduct. See Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice.").

      When liberally construed, the Complaint also alleges that the supervisors failed to (1) investigate the incident and/or discipline Officer Floyd after-the-fact and (2) properly train their subordinates. A supervisor's failure to investigate an incident, without more, does not violate any constitutional rights. Johnson v. Hinsley, No. 2:09-CV-0180-RWS-SSC, 2010 WL 966651, *5

(N.D. Ga. March 12, 2010) (citing Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir.1983)); see also, Pride v. Danberg, No. 08–848–RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009) ("any participation by Defendants in the after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement."). Plaintiff's conclusory allegation that the supervisors failed to properly train their staff is likewise insufficient to state a §1983 claim. See Salas v. Tillman, 162 F. App'x 918, 922 (11th Cir. 2006) ("conclusory allegation that [warden] failed to properly train and supervise his staff . . . was insufficient to set forth a claim under § 1983"). Plaintiff has thus failed to state an Eighth Amendment claim against these Defendants.

It also appears that Plaintiff has attempted to state a constitutional claim against Wendy Squires based on her alleged refusal to allow Plaintiff to call his attorney or the U.S. Marshals after the incident. Despite their incarceration, prisoners do retain a constitutional right to communicate with people outside of the prison. Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996). Thus, Plaintiff did have a right to report any alleged unlawful activities to his attorney or a law enforcement agency. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987).

Prisoners, however, have no right to unlimited telephone use. See Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994); Pitsley v. Ricks, No. 96–CV–0372NAMDRH, 2000 WL 362023, at *4 (N.D.N.Y. March 31, 2000) ("Courts considering prison telephone restrictions have agreed that an inmate has no right to unlimited telephone use."); Padgett v. Mosley, No. 2:05-CV-0608-MEF, 2007 WL 2409464 at *8 n. 2 (M.D. Ala. Aug. 20, 2007)). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." Fillmore v. Ordonez, 829 F.Supp. 1544, 1563–64 (D. Kan.1993), aff'd, 17 F.3d 1436 (10th Cir. 1994). Restrictions on

phone use are generally upheld if the affected inmate has an alternate means of communicating with the outside world. See Pitsley, 2000 WL 362023 at * 5. See also, Acosta v. McGrady, No. CIV.A. 96-2874, 1999 WL 158471 at *7 (E.D. Pa. March 22, 1999) (prisoner has a right to telephone use only if no other reasonable means of communication are available to him). Even in the context of legal communication between a prisoner and his attorney, restricted phone use is lawful so long as the prison had other means of contacting counsel. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992) ("prisoners do not have a right to any particular means of access [to counsel], including unlimited telephone use.").

Therefore, even if true, Plaintiff's brief allegation that he was refused permission to make a phone call after the incident fails to state a §1983 claim. Plaintiff does not allege (and it does not appear) that Plaintiff was without other means of contacting his attorney or the U.S. Marshals, i.e. via mail or visitation at the prison. Thus, while Plaintiff may have been limited in his ability to use the telephone, Plaintiff has not shown that he was entirely deprived of his right to communicate with the outside world in violation of the First and Fourteenth Amendments.

Any First Amendment claim for "denial of access to the courts" would also fail. In order to state such a claim, a prisoner must allege facts showing that he suffered some prejudice or actual injury as a result of the telephone deprivation. See Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring a showing of actual injury as a constitutional prerequisite to an access to courts claim); Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3rd Cir. 1988) (holding that prisoner must make some showing of prejudice or actual injury to succeed on claim of telephone deprivation). Plaintiff has not alleged that he suffered any injury in this case. Minor and short-lived impediments to an inmate's access to his attorney, such as that alleged here, do not rise to the level of an unconstitutional denial of access to the courts. See Lloyd v. Card, 283 F. App'x

696, 699 (11th Cir.2008) (quoting <u>Chandler v. Baird</u>, 926 F.2d 1057, 1063 (11th Cir. 1991)).

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Wendy Squires and Barbara Walwrath be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.   28 U.S.C. § 636(b)(1).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  **Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required

to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments

from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 27th day of August, 2013.

> s/***THOMAS Q. LANGSTAFF***
> UNITED STATES MAGISTRATE JUDGE

jlr