IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JASON CHARLES MONK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | **7 : 13-CV-114 (HL)** |
| Officer FLOYD, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The Plaintiff filed this action in August 2013, based on events allegedly occurring at the Irwin County Detention Center in January 2013. (Doc. 1). Since providing a change of address on February 24, 2014 (Doc. 18), the Plaintiff has taken no action in this matter and has had no contact with the Court. By Order dated April 15, 2014, the Court ordered the Plaintiff to provide a current address or additional identifying information for the Defendant within 21 days of the date of the Order. (Doc. 20). As of May 29, 2014, the Plaintiff has failed to respond to this Court Order.

The Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since February 24, 2014 and has failed to comply with the Court's April 15, 2014 Order. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. Over three (3) months have passed since the Plaintiff's last direct contact with the Court. Additionally, Plaintiff has failed to respond to the Court's Order dated April 15, 2014 directing a response regarding Defendant's current address. The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in over three (3) months and has failed to respond to the Court's Order directing the provision of additional information, it is the recommendation of the undersigned that this action be **DISMISSED** and that Plaintiff's Motion for Default Judgment (Doc. 17) be **DENIED** as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 29th day of May, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE